Honorable Brian A. Tsuchida

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

LEWIS ANTHONY RATH,

Defendant.

CASE NO.   MJ21-626

**COMPLAINT FOR VIOLATION**

Title 18, United States Code, Sections 1159(a) and 2, and Title 16 United States Code, Sections 668(a) and 703(a)

BEFORE the Honorable Brian A. Tsuchida, United States Magistrate Judge, Seattle, Washington.

The undersigned complainant, being duly sworn, states:

<u>COUNT 1</u>
**Misrepresentation of Indian Produced Goods and Products**

On or about November 25, 2019, in Whatcom County, within the Western District of Washington, LEWIS ANTHONY RATH did knowingly display and offer for sale, and did sell goods for more than $1,000.00, specifically, totem poles, in a manner that falsely suggested they were Indian produced, an Indian product, and the product of a particular Indian and Indian tribe, when in truth and fact, as RATH well knew, the goods were not

COMPLAINT - 1
*United States v. Rath*
USAO No. 2019R01217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Indian produced, an Indian product, and the product of a particular Indian and Indian tribe.

All in violation of Title 18, United States Code, Section 1159(a).

## COUNT 2
### Misrepresentation of Indian Produced Goods and Products

On or about June 25, 2019, in King County, within the Western District of Washington, LEWIS ANTHONY RATH did aid and abet the display and offer for sale, and sale of goods for more than $1,000.00, specifically, a carved, wooden totem pole and a necklace, in a manner that falsely suggested they were Indian produced, an Indian product, and the product of a particular Indian and Indian tribe, when in truth and fact, as RATH well knew, the goods were not Indian produced, an Indian product, and the product of a particular Indian and Indian tribe.

All in violation of Title 18, United States Code, Sections 1159(a) and 2.

## COUNT 3
### Misrepresentation of Indian Produced Goods and Products

On or about June 25, 2019, in King County, within the Western District of Washington, LEWIS ANTHONY RATH, did aid and abet the display and offer for sale, and sale of goods for more than $1,000.00, specifically, a carved wooden mask and totem pole, in a manner that falsely suggested they were Indian produced, an Indian product, and the product of a particular Indian and Indian tribe, when in truth and fact, as RATH well knew, the goods were not Indian produced, an Indian product, and the product of a particular Indian and Indian tribe.

All in violation of Title 18, United States Code, Sections 1159(a) and 2.

## COUNT 4
### Misrepresentation of Indian Produced Goods and Products

Beginning on or about February 10, 2018, and continuing to on or about November 13, 2019, in King County, within the Western District of Washington, LEWIS ANTHONY RATH did knowingly display and offer for sale, and did sell goods for more

COMPLAINT - 2
*United States v. Rath*
USAO No. 2019R01217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

than $1,000.00, specifically, totem poles, transformation masks and pendants, in a manner that falsely suggested they were Indian produced, an Indian product and the product of a particular Indian and Indian tribe, when in truth and fact, as RATH well knew, the goods were not Indian produced, an Indian product, and the product of a particular Indian and Indian tribe.

All in violation of Title 18, United States Code, Section 1159(a).

### COUNT 5
### Unlawful Possession of Golden Eagles Parts
### (Misdemeanor)

On or about December 19, 2019, in Whatcom County, within the Western District of Washington, LEWIS ANTHONY RATH possessed parts of golden eagles (*Aquila chrysaetos*), specifically, feathers, without proper authorization.

All in violation of Title 16, United States Code, Section 668(a).

### COUNT 6
### Unlawful Possession of Migratory Bird Parts
### (Misdemeanor)

On or about December 19, 2019, in Whatcom County, within the Western District of Washington, LEWIS ANTHONY RATH possessed parts of migratory birds, specifically, feathers from the following species: red-shouldered hawk (*Buteo lineatus*), American kestrel (*Falco sparverius*), steller's jay (*Cyanocitta stelleri*), northern flicker (*Colaptes auratus*), unspecified raptor (family: Accipitridae), owl (family: Strigidae), common raven (*Corvus corax*), red-tailed hawk (*Buteo jamaicensis*), unspecified crow (Corvus sp.), and unspecified jay (family: Corvidae), without proper authorization.

All in violation of Title 16, United States Code, Section 703(a).

### AFFIANT'S BACKGROUND

1.     I, Sean W. Hyrons, am a Special Agent ("Agent") with the United States Department of Interior, United States Fish and Wildlife Service, Office of Law Enforcement ("USFWS") in Albuquerque, New Mexico.  I am an "investigative or law

COMPLAINT - 3
*United States v. Rath*
USAO No. 2019R01217

enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18 of the United States Code.

2.      I have worked for the USFWS as an agent since approximately November 2018.  Before transferring to USFWS, I worked as an agent for the Bureau of Land Management, Office of Law Enforcement and Security, beginning in January 2012.  I also worked as a Bureau of Land Management Law Enforcement Ranger for approximately three years, a United States Forest Service Law Enforcement Officer for approximately eight years, and a City of Orlando Police Officer for approximately two years.  I have received and completed formal training that included a twelve-week Criminal Investigator training program in Glynco, Georgia.  I have training and experience in the investigation of crimes relating to the theft, fraud, trafficking, and destruction of natural and cultural resources, with a special emphasis on Native American items.

3.      I have investigated violations of the Indian Arts and Crafts Act and have become familiar with the tactics and techniques associated with the sale of fraudulent Indian arts and crafts.  Specifically, I have learned how pieces of jewelry are manufactured and then distributed throughout the United States and fraudulently sold as authentic Native American jewelry.  I am familiar with the marketing methods used to deceive consumers.  I am also familiar with the Native American jewelry market and how jewelry is valued and advertised as made by a particular Native American artisan.  I have personally been involved in obtaining federal search and arrest warrants, and I have directed, coordinated, and assisted other law enforcement officers in the executions of these warrants.

4.      I have also investigated violations of both the Bald and Golden Eagle Protection Act ("BGEPA") and the Migratory Bird Treaty Act ("MBTA"), which prohibit the taking, possessing, and transporting of birds, and parts thereof, listed under the acts

COMPLAINT - 4
*United States v. Rath*
USAO No. 2019R01217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  and related regulations without prior authorization from the USFWS.  The

2  USFWS authorizes and issues permits for otherwise prohibited activities under both the

3  BGEPA and the MBTA under certain limited circumstances.  One such

4  permit/authorization applies to members of federally recognized Indian tribes, who may

5  legally possess eagle and MBTA birds, or parts thereof, acquired through certain means

6  for personal, cultural and religious purposes.  USFWS also issues other

7  permits/authorizations for the BGEPA and MBTA, which include but are not limited to

8  import/export, scientific, taxidermy, rehabilitation, falconry, depredation and educational

9  uses.

10        5.      The information in this affidavit is based on my personal participation in

11  this investigation and information provided to me by other agents, officers and witnesses,

12  and information gained through my training and experience.  Because this affidavit is

13  being submitted for the limited purpose of establishing probable cause, I have not

14  included each and every fact known to me concerning this investigation.  I have set forth

15  only those facts I believe are relevant to a fair determination of probable cause to believe

16  that LEWIS ANTHONY RATH has committed the crimes of misrepresentation of Indian

17  produced goods and products in violation of Title 18, United States Code, Section

18  1159(a); knowingly possessing golden eagles parts without proper authorization, in

19  violation of Title 16, United States Code, Section 668 (a); and unlawful possession of

20  migratory bird parts without proper authorization, in violation of Title 16, United States

21  Code, Section 703(a).

22        6.      Insofar as I have identified individuals in this affidavit, those identifications

23  are made in good faith based on comparisons with Washington state driver's license

24  photographs, as well as photographs maintained in law enforcement databases.  In the

25  following paragraphs, I describe communications between various individuals.  Except

26  where specifically indicated with quotation marks, the descriptions are summaries of the

27  conversations and are not intended to present a verbatim recitation of the words used by

28

COMPLAINT - 5
*United States v. Rath*
USAO No. 2019R01217

the participants.  Insofar as I have included event times in this affidavit, those event times are approximate.

## SUMMARY OF PROBABLE CAUSE

7.      On or about May 17, 2019, USFWS Special Agents (Agents) were assigned to investigate potential violations of the Indian Arts and Crafts Act (IACA) by LEWIS ANTHONY RATH (RATH), who was believed to be selling arts and crafts while misrepresenting himself as an Indian, specifically, a San Carlos Apache.  Agents researched RATH's potential tribal affiliation and determined he was not an enrolled member or Indian artisan with the San Carlos Apache Tribe in Arizona.

8.      Agents conducted three covert operations, which resulted in offers for sale and fraudulent sales of arts and craft items by RATH, who misrepresented himself as an Indian and his goods as Indian produced.  Additionally, the investigation revealed more than a dozen prior instances where RATH fraudulently held himself out as an Indian and sold his carvings as Indian produced.

9.      The execution of a federal search warrant at RATH's residence resulted in the seizure of research materials for carving, carving tools, carving design notes, receipts for the sale of artwork/carvings, electronics, and bird feathers protected under the Bald and Golden Eagle Protection Act and the Migratory Bird Treaty Act.

10.      Agents interviewed RATH, who acknowledged that he had knowledge of and understood the IACA.  RATH admitted that he was not a lineal descendant or an enrolled member of the San Carlos Apache Tribe, or any other federal or state recognized Indian tribe in the United States.   Initially, RATH denied representing himself or his artwork as San Carlos Apache, but later admitted he represented himself as an Indian to some of his customers.

## INVESTIGATION

11.      In July 2018, the Indian Arts and Crafts Board ("IACB") received a complaint that RATH was misrepresenting himself as an Indian, i.e., San Carlos Apache, and the artwork he was producing and selling as Indian produced.  USFWS Agents began

COMPLAINT - 6
*United States v. Rath*
USAO No. 2019R01217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  investigating RATH, including his affiliation, if any, with the San Carlos Apache Tribe.

2  According to the San Carlos Apache Tribal Enrollment Department, neither LEWIS

3  ANTHONY RATH nor Tony RATH is an enrolled tribal member or Indian artisan

4  registered with the Tribe.

5  *Agents' Purchases of Artwork Attributed to RATH*

6       12.    On June 25, 2019, undercover Agents purchased a carved, wooden totem

7  pole and a necklace for $1,334.96 from Raven's Nest Treasure (RNT), a gallery located

8  in Seattle, Washington, which sells Indian arts and crafts.  The gallery had marketed and

9  sold these items as created by RATH and Indian produced.  The gallery owner told

10  Agents that RATH was a Native American and provided a written copy of RATH's

11  biography, which stated RATH was San Carlos Apache.  The biography is similar to a

12  biography RATH later admitted creating for another gallery.  In addition to the items

13  purchased, RNT offered for sale a carving by RATH for $750.00, which was marketed as

14  Indian produced.

15       13.    On June 25, 2019, undercover Agents purchased a carved wooden mask

16  and totem pole attributed to RATH for $1,085.04, from the Ye Olde Curiosity Shop

17  (YOCS), a gift store located in Seattle, Washington, which sells Indian arts and crafts.

18  The store had marketed and sold these items as created by RATH and Indian produced.

19  A store employee provided Agents a copy of RATH's biography, which stated he was

20  San Carlos Apache.  The employee told Agents that she had written the biography based

21  on information RATH had provided regarding his tribal affiliation.  At the time of the

22  purchase, YOCS had three other carvings attributed to RATH listed for sale for a total of

23  $1,270.00, which were marketed as Indian produced.

24       14.    Between November 19, 2019 and December 18, 2019, undercover Agents

25  communicated with RATH through Facebook instant messaging.  In these

26  communications, RATH misrepresented himself as a San Carlos Apache and his artwork

27  as Indian produced.  On November 25, 2019, Agents commissioned RATH to carve two

28

COMPLAINT - 7
*United States v. Rath*
USAO No. 2019R01217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

wooden totem poles and paid him $1,200.00 via wire transfer for the totem poles. RATH later sent a picture showing his progress on one of the totem poles.

*Search of RATH's Residence and Interview of RATH*

15.     On December 19, 2019, Agents executed a federal search warrant at RATH's residence. Evidence seized included research materials for carving, carving tools and design notes, receipts for the sale of artwork/carvings, electronics, and bird feathers, which were later determined to be from birds protected under the BGEPA and the MBTA.

16.     Agents also interviewed RATH after advising him of his Miranda rights, which he waived. When asked if he had knowledge of the IACA, RATH answered yes. He explained his understanding of IACA violations as involving the production of fraudulent, fake, or non-authentic Indian art.

17.     RATH admitted that he is not a lineal descendant or an enrolled member of the San Carlos Apache Tribe. He initially denied ever representing himself as an Apache from San Carlos to any of his customers, but later admitted telling his customers that he was San Carlos Apache. RATH subsequently claimed that his birth mother told him he had some Indian bloodlines that may be Apache. However, he explained that he later discovered through DNA testing that he had Mayan ancestry from Mexico.

18.     RATH also admitted that he created a biography for YOCS, which stated he was San Carlos Apache. He acknowledged selling his carvings to YOCS, but he denied selling his carvings to RNT.

19.     However, Agents discovered two posts with pictures of carvings by RATH on his Instagram page, which listed his carvings/artwork for sale at RNT. One of the posts provided as follows: "If your ever in pikes place market Seattle check out the Raven's Nest Treasure by where they throw the fish. Beautiful priceless works of art for sale including Tony Rath's work. Along with other beautiful works." Additionally, RATH's Instagram profile picture featured a totem pole, which appeared to be the totem pole attributed to RATH that Agents purchased from RNT in June 2019. RATH's

COMPLAINT - 8
*United States v. Rath*
USAO No. 2019R01217

1  Instagram page also has a full-size picture of the same totem pole, which appeared to
2  have been taken at RNT.

3      20.     Agents also questioned RATH about the feathers discovered at his
4  residence.  RATH acknowledged that the feathers belonged to him and explained that
5  some of the feathers were crow, macaw, grouse, hawk, and possibly eagle feathers.  At no
6  point during the interview did RATH state that he was authorized to possess, or had a
7  permit to possess, these feathers.  Consequently, Agents seized the feathers as evidence
8  and contraband because they were believed to be from bird species protected under the
9  BGEPA and the MBTA.

10      21.     I later searched the USFWS Law Enforcement Management Information
11 System (LEMIS) to see if any permits were issued to RATH authorizing his possession of
12 feathers from protected bird species.  I found no record in LEMIS of RATH ever
13 applying for or receiving a permit to do so.

14 _Interview of the Owner of Raven's Nest Treasure_

15      22.     On December 20, 2019, Agents interviewed MS regarding his gallery's
16 marketing and sale of RATH's artwork as San Carlos Apache or Indian produced.  MS
17 stated that he was familiar with the IACA and did not knowingly misrepresent artwork
18 sold at his gallery as Native American or Indian produced.  MS offered that it was
19 possible he was given a fake artist biography and artwork in the past, but he was not
20 aware of it ever happening.  MS denied creating the biographies for the artwork sold at
21 his gallery, stating, "I don't write them up, I get them from them."

22      23.     Agents then confronted MS about misrepresenting RATH's artwork at
23 RNT as Native American and/or Apache.  MS stated that RATH told him he was Native
24 and that he believed him.  MS acknowledged that he currently had some of RATH's
25 artwork for sale at the gallery and that it was represented as Native or Indian produced.

26      24.     Agents asked MS if he had RATH's biography.  MS stated that he had
27 biographies on most of his artists and would check to see if he had one for RATH (during
28 an undercover purchase on June 25, 2019, MS provided Agents a biography for RATH).

COMPLAINT - 9
*United States v. Rath*
USAO No. 2019R01217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

25.     MS then expressed hesitancy about answering any more questions.  Before the interview ended, MS stated he had never conspired or agreed with anyone to misrepresent goods sold at the gallery as Indian produced.

*Ye Olde Curiosity Shop's Business Records*

26.     On or about February 10, 2020, I reviewed YOCS's business records associated with the purchase and/or sale of artwork produced by RATH, communications between employees and RATH, and communications and documents associated with the creation of RATH's biography.

27.     These records showed approximately ten (10) purchases of items from RATH between February 10, 2018 and November 13, 2019, totaling approximately $2,530.00. Items purchased included carved wooden totem poles, transformation masks and pendants, which RATH has misrepresented as Indian produced.  On June 25, 2019, a YOCS employee provided Agents with a copy of RATH's biography, which stated he was San Carlos Apache. The employee told Agents she had written RATH's biography from information RATH had provided.

*RATH's Facebook Accounts*

28.     On or about December 24, 2019, Agents executed a search warrant for the following three Facebook accounts associated with RATH: "tony.rath9," "tony.rath98," and "tony.rath984."

29.     On or about February 10, 2020, Agents obtained Facebook records for the three above-referenced Facebook accounts associated with RATH, which showed sales of carvings to others in which RATH misrepresented himself as an Indian and his work as Indian produced.  RATH's Facebook accounts revealed more than two dozen posts and/or instant messages in which RATH inferred or identified himself as Apache and/or Native American.

*Facebook purchases from RATH by "IE"*

30.     On March 31, 2020, Agents reviewed RATH's Facebook account, "tony.rath9," and discovered that RATH had marketed and sold his carvings through his

COMPLAINT - 10
*United States v. Rath*
USAO No. 2019R01217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

account as Indian produced to an individual who is identified herein as "IE" to protect his privacy.  Facebook records showed that on December 29, 2015, IE communicated with RATH through Facebook instant messaging regarding a picture of a carving that RATH had posted on Facebook.  In the thread, IE and RATH discussed prices for RATH's carvings.  Importantly, IE asked RATH about his background.  RATH replied that he was Apache, Mexican and Mayan.

31.    On or about January 1, 2016, IE purchased a carved wooden bowl from RATH for $430.00, and on February 12, 2016, he purchased a carved wooden mask from RATH for $650.00.  Communications indicated that IE paid RATH in installments for the carvings.  RATH mailed the carvings to IE on January 19, 2016 and March 24, 2016.  During the search of RATH's residence, Agents seized wire transfer and shipping receipts associated with RATH's sales to IE.

*Facebook purchases from RATH by "CS"*

32.    On April 1, 2020, Agents reviewed records associated with RATH's Facebook account, "tony.rath9," and discovered that RATH had marketed and sold his carvings through his account as Indian produced to an individual identified herein as "CS" to protect her privacy.  These records showed that on August 30, 2015, RATH and CS began communicating regarding a bentwood box that RATH would carve for her.

33.    Over the next three and a half months, CS and RATH discussed the bentwood box and engaged in personal conversations.  RATH also attempted to sell CS other carvings.  Importantly, CS asked RATH about his Indian tribe.  On December 15, 2015, RATH replied stating that he was Apache and Mayan.  On December 31, 2015, RATH shipped the bentwood box to CS.  During the search of RATH's residence, Agents seized receipts, e.g., wire transfer and shipping, associated with RATH's sale of the bentwood box to CS.

34.    On January 12, 2016, CS commissioned RATH to make a second bentwood box and sent RATH a $500.00 down payment via wire transfer.  Later, on January 31, 2016, RATH requested a $200.00 advance payment on the bentwood box, which CS sent

COMPLAINT - 11
*United States v. Rath*
USAO No. 2019R01217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  to RATH via wire transfer.  On May 3, 2017, the text thread between RATH and CS
2  ended.

3      35.     On December 14, 2017, a new Facebook instant messaging thread between
4  RATH and CS began on RATH's Facebook account "tony.rath984."  On February 2,
5  2018, CS texted RATH stating that he still owed her a bentwood box.  On February 1,
6  2019, RATH responded stating that he was starting on a new bentwood box for her.
7  Agents were unable to discover any other texts between RATH and CS concerning the
8  completion, shipment or final payment for the bentwood box.

9  *NFWFL Morphology Examination Report*

10     36.     On January 17, 2020, Agents sent the feathers seized from RATH's
11  residence to the National Fish and Wildlife Forensics Laboratory (NFWFL or Lab) to
12  conduct a forensic analysis to determine the species of origin of the feathers.

13     37.     On April 2, 2020, the NFWFL issued a Morphology Examination Report.
14  The evidence was examined visually, and identification was made by macroscopic
15  comparison with known reference specimens in the Lab's collection, and with published
16  literature.  The Lab identified two (2) golden eagle (*Aquila chrysaetos*) feathers among
17  those seized from RATH's residence.  The Lab also identified the following MBTA
18  protected species feathers from those seized at RATH's residence: thirteen (13) red-
19  shouldered hawk (*Buteo lineatus*), one (1) American kestrel (*Falco sparverius*), two (2)
20  steller's jay (*Cyanocitta stelleri*), one (1) northern flicker (*Colaptes auratus*), two (2)
21  unspecified raptor (family: Accipitridae), one (1) owl (family: Strigidae), five (5)
22  common raven (*Corvus corax*), eight (8) red-tailed hawk (*Buteo jamaicensis*), forty-four
23  (44) unspecified crow (Corvus sp.), and thirteen (13) unspecified jay (family: Corvidae).

24  *Consensual Search of RATH's Cellphones and Tablet*

25     38.     On or about April 4, 2020, Agents reviewed downloaded material from a
26  consensual search of RATH's phones and tablet.  Agents observed numerous pictures of
27  carvings believed to be carved by RATH, which included a photograph of the totem pole

28

COMPLAINT - 12
*United States v. Rath*
USAO No. 2019R01217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

attributed to RATH by RNT, which was marketed and sold to Agents as Indian produced in June 2019.

*Other Documentary Evidence of RATH's Misrepresentations*

39.     On or about April 10, 2020, Agents reviewed handwritten notes and receipts seized from RATH's residence during the search warrant.  One handwritten note appeared to be associated with a biography for RATH and included what appeared to be an email address for Arctic Raven Gallery in Friday Harbor, Washington.  Arctic Raven Gallery features Arctic and Northwest Coast Native artwork, which is similar to the artwork and carvings that RATH produced and sold.  Just below the email address was the handwritten note that included the names of RATH's teachers and the tribes they belong to, the styles of carvings that RATH had created in the past, and stated apparently referring to himself, "Apache Artist of 27 years."

40.     Agents also discovered handwritten notes and receipts associated with RATH's sale of carvings to IE and CS.  The handwritten notes included addresses and telephone numbers for IE and CS, as well as dollar amounts and dates that IE paid RATH for the carvings, which corresponded to the Facebook instant messaging thread between RATH and IE.  The money wire receipts discovered at RATH's residence also matched the dollar amounts and the approximate dates that were listed on the Facebook instant messaging thread where IE and CS wired money to RATH.  Agents also discovered receipts for the items RATH shipped to IE and CS.

///

///

///

COMPLAINT - 13
*United States v. Rath*
USAO No. 2019R01217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

## **CONCLUSION**

2      41.    Based on the foregoing, I respectfully submit there is probable cause to

3  believe that LEWIS ANTHONY RATH knowingly offered for sale and sold goods for

4  more than $1,000.00, and aided and abetted the sale of goods for more than $1,000.00, all

5  in a manner that falsely suggested they were Indian produced, when he knew the goods

6  were not Indian produced, in violation of Title 18, United States Code, Sections 1159(a)

7  and 2, possessed golden eagle (*Aquila chrysaetos*) feathers without proper authorization,

8  in violation of Title 16, United States Code, Section 668(a), and possessed migratory bird

9  feathers without proper authorization, in violation of Title 16, United States Code,

10  Section 703(a).

11

12

SEAN W. HYRONS, Complainant

13  Special Agent, USFWS

14

15      Based on the Complaint and Affidavit sworn to before me telephonically, and

16  submitted electronically, the Court hereby finds that there is probable cause to believe the

17  Defendant committed the offenses set forth in the Complaint.

18

19      DATED this _23_ day of November 2021.

20

21

22  BRIAN A. TSUCHIDA

United States Magistrate Judge

23

24

25

26

27

28

COMPLAINT - 14
*United States v. Rath*
USAO No. 2019R01217

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970